NOT FOR PUBLICATION

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 25-11473

————————————

WORLDWIDE AIRCRAFT SERVICES, INC.,
  a Florida corporation,
  d.b.a. Jet ICU,

*Plaintiff-Appellant,*

*versus*

AETNA LIFE INSURANCE COMPANY,
  a Connecticut corporation,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-02720-VMC-SPF

————————————

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Worldwide Aircraft Services, Inc., doing business as Jet ICU, appeals an order of the district court dismissing its claims against Aetna Life Insurance Company with prejudice.  We review the grant of a motion to dismiss de novo.  *Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032, 1038–39 (11th Cir. 2025).  We also review questions of preemption de novo.  *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1265 (11th Cir. 2023).

In its well-reasoned order, the district court dismissed Jet ICU's claims for theft of services under Florida Statute § 772.11(1) and for Florida common law conversion as preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1).  *See Worldwide Aircraft Servs., Inc. v. Aetna Life Ins. Co.,* No. 8:24-cv-2720, 2025 WL 987879, at *5 (M.D. Fla. Apr. 2, 2025).  The district court further determined that Jet ICU's claim for quantum meruit did not adequately allege a claim for an implied-in-fact contract.  *See id.* at *6. Ultimately, though, the district court dismissed the quantum meruit count because Aetna argued the claim was barred by the four-year statute of limitations and Jet ICU failed to respond to the argument—meaning Jet ICU abandoned any argument that the claim was timely filed.  *See id.*  In any event, the district court agreed with Aetna that the statute of limitations barred the claim.  It therefore dismissed the quantum meruit count with prejudice because amendment would have been futile.  *Id.* at *7.

After careful review of the record, we find no error in the district court's conclusions.  Accordingly, we affirm.

**AFFIRMED.**